## SAUNDERS v. HOWARD.

1. **Instruction: GENUINENESS OF SIGNATURE : EVIDENCE.** Upon an issue respecting the signature to a note, where letters of the alleged maker of the note were introduced, both to prove a written admission that the note was unpaid and to show that the signature was the same as the signature of the note, it was error for the court to limit the attention of the jury to the language of the letters.

*Appeal from Winneshiek Circuit Court.*

SATURDAY, JUNE 14.

ACTION upon a promissory note purporting to be signed "M. H. & B. V. Howard." The defendants, each for himself, denied the signature under oath and pleaded the statute of limitations. There was no evidence tending to show that the note was signed by the defendant B. V. Howard. To show that it was signed by the defendant M. H. Howard, the plaintiff introduced in evidence certain letters purporting to be written by M. H. Howard, and bearing, according to the evidence, his genuine signature. The letters were also introduced for the purpose of proving a written admission that the note was still unpaid. Expert testimony was introduced tending to show that the signature to the letters appeared to be in the same handwriting as the signature to the note. The plaintiff testified that he saw the defendant M. H. Howard sign the note. Howard, on the other hand, testified that he did not sign it. The plaintiff asked an instruction in these words: "In determining as to the genuineness of the signature of the defendant to the note in suit, it is your duty to consider first the direct testimony of the parties, and if that is conflicting and unsatisfactory, next the correspondence of the same with admitted genuine signatures, and the evidence of experts." The court refused to give the instruction asked, and gave an instruction as follows: "The letters in evidence dated prior to January 17, 1866, can only be considered by

you upon the question of what note is referred to in the letter of January 17, 1866, and March 2, 1867." To the giving of this instruction, and to the refusal to instruct as asked, the plaintiff excepted. The jury found specially that the defendant M. H. Howard did not sign the note, and there was accordingly a verdict and judgment for both defendants. The plaintiff appeals.

*M. P. Hathaway*, for appellant.

*E. E. Cooley*, for appellee.

ADAMS, J.—The appellant insists that it was the province of the jury to make a comparison of the handwriting for themselves. This is not denied by the appellee, and it could not be properly. Code, § 3655, provides for a comparison of handwriting by the jury. But the appellee insists that, as the letters were in evidence, the appellant was not entitled to an instruction directing specially what consideration should be given them, and how a verdict should be reached. As to the instruction given the appellee insists that it is evident upon the face of it that the court only had in mind the language used and not the handwriting, and that the jury were not precluded by it from making a comparison of handwriting.

*1. INSTRUCTION: genuineness of signature: evidence.*

It is not ordinarily the imperative duty of the court, even when asked, to call the attention of the jury specifically to a portion of the evidence. When evidence is admitted the jury is virtually told that it is before them for their consideration. But in this case it appears to us that the jury might have concluded that the letters were to be considered merely with reference to the alleged written admission that the note was still unpaid. Such being the case, we think that the plaintiff was entitled to an instruction that they might be considered with a view to a comparison of handwriting. Other errors are assigned, but the conclusion we reach renders their con-

sideration unnecessary.   In refusing the instruction asked
we think the court erred.

REVERSED.